The Honorable David W. Christel

FILED ___ LODGED ___
___ RECEIVED
AUG 12 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. MJ19-5147 DWC |
| Plaintiff, | COMPLAINT for VIOLATION |
| v. | 18 U.S.C. §§ 7, 13 |
| MICHELLE MADONA OSBORN, | RCW 9A.52.025 |
| Defendant. | |

BEFORE the Honorable David V. Christel, United States Magistrate Judge, United States District Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1
### *(Residential Burglary)*

On or about August 9, 2019, in Clallam County, within the Western District of Washington, MICHELLE MADONA OSBORN, at a place within the special maritime and territorial jurisdiction of the United States, namely, Olympic National Park, on land acquired for the use of the United States under its exclusive jurisdiction, committed a Residential Burglary by entering unlawfully in a dwelling other than a vehicle, to wit: 1165 E. Beach Road, with intent to commit a crime against a person or property therein.

All in violation of Title 18, United States Code, Sections 7 and 13, and Revised Code of Washington, 9A.52.025.

The undersigned complainant, Matthew Bolin, being first duly sworn on oath, deposes and says:

## BACKGROUND AND QUALIFICATIONS

1.  I have been employed as a Law Enforcement Ranger for the National Park Service (NPS), United States Department of Interior, for the past eleven years. I have been stationed as an east district ranger in Olympic National Park and within the Western District of Washington for the past seven years. I successfully completed course work and graduated from the United States Department of Homeland Security Federal Law Enforcement Training Center Immigration and Customs Enforcement Basic Training Program in 2007, the Skagit Valley College Parks Law Enforcement Academy Land Management Police Training program in 2008, and the United States Department of Homeland Security Federal Law Enforcement Training Center Land Management Police Training Program in 2011. Additionally, I have completed numerous law enforcement training courses involving hundreds of hours of classroom work and practical exercises for the NPS. I have attended and completed an NPS 40 hour law enforcement refresher training every year since 2008. Prior to my employment with the U.S. Government, I obtained a bachelor's degree in political science and history from Western Maryland College in Westminster Maryland and a master's degree in American studies from Pennsylvania State University.

2. This Complaint is made based upon my personal knowledge, training, experience and investigation, as well as upon information provided to me by other law enforcement personnel. This Affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

## PURPOSE OF AFFIDAVIT

3. This Affidavit is made in support of a Complaint against MICHELLE MADONA OSBORN for the crime of Residential Burglary, in violation of Title 18, United States Code, Sections 7 and 13, and Revised Code of Washington, 9A.52.025.

## INVESTIGATION AND PROBABLE CAUSE

4. On August 9, 2019, at approximately 15:13 hours, I was notified of a burglary in progress call at 873 East Beach Road which is within the boundaries and jurisdiction of Olympic National Park. I was asked by U.S. Park Ranger Brian Wray to respond. I responded with U.S. Park Rangers Leah Tobin and Nick Beheler. We arrived on scene at 873 East Beach Road at approximately 15:33 hours.

5. In the driveway was a brown Chevrolet Blazer sport utility vehicle (WA BAA0059). A female, later identified by her Washington Driver's License as MICHELLE MADONA OSBORN, was approaching the vehicle behind a locked vehicle gate. OSBORN was pushing a blue wheelbarrow containing a black Stack-on safe attached to a broken piece of particle board. The safe was partially concealed under a life jacket. I identified myself as a police officer, ordered her to stop and then detained her using handcuffs. OSBORN stated that she was "[I was] paddling in my kayak and I found the safe in the lake." I asked Ranger Tobin to frisk her while Ranger Beheler and I cleared the residence and outbuildings. During the frisk, Ranger Tobin reported that a black size large Helly Hansen glove, for the right hand, fell out of OSBORN's clothing. Ranger Beheler and I cleared the residence and boat house for 873 and residence and various outbuildings for 875 East Beach Road. All structures were locked and there were no obvious signs of forced entry. We returned to the top of the driveway.

6. The back seat and passenger compartment of the suspect's brown Chevrolet Blazer were packed to the roof with household goods, to include bedding, clothing and gas cans. Clearly visible within the front passenger compartment were three glass pipes with burnt residue commonly utilized to smoke controlled substances, lengths of chain, a swivel, a thimble, a spring link, and an axe. Approximately eight feet from the driver's side door of the vehicle was a length of chain similar to the chain inside the Blazer. The chain had a stretched and broken spring link. The upright metal post that was used to secure the gate was partially pulled out of the ground and the gate was jammed shut against the ground.

7. I interviewed Mrs. Tamara Senz, the owner of 873 E. Beach Rd. Mrs. Senz stated that she had left the house that day at approximately 12:00 hours and that at approximately 15:13 hours, the security camera alerted her to a person trespassing on her property. Mrs. Senz immediately called 911 to report the crime. She said that the damage to the driveway gate was new. She also stated that the blue wheelbarrow was hers, but the kayak and safe were not. Ranger Tobin and I cleared both her residence and the boat house with her. The interior of both buildings appeared to be untouched, but the screen on the sliding glass door on the house was partially open which was not how she left it earlier that day.

8. At approximately 17:49 hours, I removed OSBORN from Ranger Beheler's vehicle and informed her that she was under arrest for misappropriation of property and trespass. I requested a tow and impound for the OSBORN's Blazer. At our request, OSBORN was able to help us distract the dog that was inside the Blazer, so that Ranger Tobin could retrieve OSBORN's cell phone and wallet from the vehicle. Ranger Beheler also retrieved the suspect's shoes. OSBORN was able to call her boyfriend to come to the scene and pick up the dog.

9. At approximately 18:23 hours, Ranger Tobin and I transported OSBORN to the Clallam County Jail. We booked OSBORN for 36 CFR 2.30(a)(1) Misappropriation of Property and 36 CFR 2.31(a)(1) Trespassing, Private Property. Ranger Beheler

remained on scene to turn over the dog, collect evidence and inventory OSBORN's vehicle incident to impound. I met Ranger Beheler at park headquarters and assisted with logging the evidence at approximately 21:45 hours.

10.   At approximately 22:00 hours, I received an email from Tamara Senz and Keith McMinn, the owners of the house at 873 E. Beach Rd. They had been in contact with their neighbors, Jim and Juley Greene, who own the house located at 1165 E. Beach Road. Jim and Juley Greene claimed that they owned the safe and kayak that was in OSBORN's possession. At approximately 22:15 hours, I conducted a brief phone interview with Mr. & Mrs. Greene. They claimed both the safe and the kayak as theirs. Mr. Greene stated that the safe contained an antique Model 1911 handgun along with ammunition and magazines. I made arrangements with the Greene's to enter their house at 1165 E. Beach Rd. the next morning and meet them later in the day.

11.   On August 10, 2019, at approximately 09:25 hours, Ranger Kevin Buckley and I met at 1165 E. Beach Rd. to clear and secure the residence. As we walked down the driveway to the house, I located a black Helly Hansen glove, for the left hand, in the middle of the driveway. It appeared to match the glove that was previously found on OSBORN. I photographed and took the glove into evidence. Ranger Buckley and I cleared the residence and outbuilding on the property. The southeastern door to the house was closed but the electronic deadbolt was not locked. The upstairs closet contained a broken particle board shelf and holes in the drywall that corresponded to the location of the particle board and drywall anchors on the safe. I photographed the glove, the remaining kayaks at the house and closet damage. I then secured the house and cleared the scene at approximately 09:55 hours.

12.   At approximately 1600 hours, I met with Mr. James Greene whom I identified by his valid Washington Driver's License. Mr. Greene immediately identified the Stack-on safe as his and was able to open the electronic lock utilizing his access code. Mr. Greene watched as I inventoried and photographed the contents of the safe. Contrary to OSBORN's statements, neither the electronic safe nor its contents showed any

indication of contact with or damage from water. Mr. Greene was also able to identify a coin ashtray that was photographed during the inventory of OSBORN's Blazer as having come from his house. Mr. and Mrs. Greene did not know OSBORN and they did not give her permission to enter their dwelling. .

## CONCLUSION

13.   Based on the above facts, I respectfully submit that there is probable cause to believe that OSBORN did commit Residential Burglary, in violation of Title 18, United States Code, Sections 7 and 13, and Revised Code of Washington, 9A.52.025.

*[signature]*

Matthew Bolin
National Park Service

On this date, the above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit, and based on the sworn Complaint and Affidavit, the Court hereby finds that there is probable cause to believe the defendant MICHELLE MADONA OSBORN committed the offense set forth in the Complaint.

DATED this 12TH day of August, 2019.

*[signature]*

The Honorable David W. Christel
United States Magistrate Judge